JOHN G. PEPPLER and HENRY W. PEPPLER, executors under the last will and testament of Barbara Peppler, deceased, and JOHN G. PEPPLER and HENRY W. PEPPLER, individually, complainants-respondents,

*v.*

EMELINE ROFFE and JOHN C. ROFFE, defendants-appellants.

[Submitted October 17th, 1939. Decided January 25th, 1940.]

*Mr. Joseph Steiner,* for the appellants.

*Messrs. Vanderback & Vanderback,* for the respondent Henry W. Peppler.

PER CURIAM.

This is an appeal from an order of the court of chancery whereby the order of reference was amended and the master's report, finding that certain moneys in two bank accounts were the property of the respondent Henry W. Peppler, was confirmed.

The present dispute is a part of the proceedings considered by this court in *Peppler* v. *Roffe, 122 N. J. Eq. 510,* wherein among other things it was provided that the appellant herein account for certain bank accounts which the respondent Henry W. Peppler claimed to own.

Upon the return of the *remittitur* to the court of chancery the matter was referred to a special master, who after hearing the witnesses and examining the exhibits found and reported that the bank accounts in question rightfully belonged to respondent Henry W. Peppler and that appellant Emeline Roffe should account for and pay to Henry W. Peppler the moneys on deposit in said accounts.

On exceptions to said master's report Vice-Chancellor Egan, after reciting the facts and reviewing the evidence, found that the issue involved was one of fact and that the "laboring oar" of sustaining exceptions to a master's report must be carried by the exceptant. *People's Trust and Guaranty Co., &c.,* v. *Genden, 121 N. J. Eq. 54; affirming 119 N. J. Eq. 249.*

This burden, the vice-chancellor found, the exceptant had failed to sustain, and he directed that the master's report be confirmed.

This court has held that where there was a sharp conflict in the testimony of the parties and in the expert testimony, the finding of the master who had first-hand opportunity to value and weigh the testimony will not be disturbed unless he erred in a matter of law or, plainly, as to the facts. *Wilson* v. *Sandall, 92 N. J. Eq. 130; affirmed, Ibid. 463.*

We have carefully examined the record, the master's report and the briefs submitted and are of the opinion that the findings of the master are abundantly supported by the proofs adduced and that the learned vice-chancellor properly affirmed the master's report and amended the original order of reference to correct what was obviously a mistake in the number of one of the bank accounts.

The order appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.